COHN v. TOMES.

(Supreme Court, Appellate Term.  December 12, 1907.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—LIABILITY OF ABUTTING OWNERS—OWNERSHIP—BURDEN OF PROOF.

In an action against one alleged to be the owner of premises abutting upon a sidewalk on which plaintiff was negligently injured, the burden was upon plaintiff to prove such ownership.

2. SAME—WEIGHT OF EVIDENCE.

Evidence in an action for personal injury caused on a sidewalk in front of premises alleged to be owned by defendant *held* to show defendant was not the owner.

Appeal from City Court of New York, Trial Term.

Action by Samuel Cohn against George Tomes. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Nadal, Carrere & Jones (Edwin A. Jones and Albert Van Winkle, of counsel), for appellant.

Stern & Ballin (Sydney W. Stern, of counsel), for respondent.

BRUCE, J.  This is an action to recover damages for personal injuries. The complaint alleges that the defendant, on the 4th day of October, 1904, was the owner of premises No. 125 West 115th street, in the borough of Manhattan, city of New York, and that the plaintiff, while walking on the sidewalk in front of these premises on the night of that day, was precipitated into a coal hole, which was "open and not properly guarded." The answer denies that the defendant was the owner of the premises at the time the accident occurred. This was the main defense relied upon at the trial. On the question of ownership, the plaintiff introduced in evidence a deed of the premises in question dated July 9, 1903, from one Rosenwasser and wife, to the defendant, recorded July 10, 1903, also a certified copy of a deed from the defendant and his wife to one Stein, dated October 29, 1904, and recorded November 4, 1904. He then called one of his attorneys in this action, Nathan Ballin, who testified that he served the summons and complaint upon the defendant on October 22, 1904. That prior to that he had had a conversation with Albert B. Atterbury, an attorney, who told him to go and see the defendant. That at the time he served the defendant he stated to him that he had had some trouble in locating the owner of the premises, and he wished to know whether or not he (the defendant) was the owner of the premises in question on October 4, 1904, because that was the date when the accident occurred. That the defendant replied: "I was the owner then, and am the owner now." This was the only evidence offered by the plaintiff in proof of ownership. The defendant introduced in evidence a deed from himself and wife to Atterbury, dated July 11, 1903, which was two days after the property was deeded by Rosenwasser and wife to the defendant. He also introduced in evidence a deed of the premises from Atterbury and wife to him, dated October 27, 1904. This was some

three weeks after the accident. These deeds were never recorded. Both the defendant and Atterbury testified that the first deed was delivered on the day of its execution, and that the deed of October 27th was delivered on October 28th. Atterbury also testified that he paid the purchase price of the property, and was the owner of the premises in question from July 11, 1903, to October 28, 1904; that during that time he made no other conveyance; that the people who worked in the house, such as the janitor, hall boys, etc., were his employés, and that he collected the rent for the premises and paid the employés for their services. The defendant denied that he ever stated to Ballin that he was the owner of the premises at the time the accident occurred. In response to an inquiry by the court, Atterbury testified that, in all these transactions, the defendant was a dummy. That there was a second mortgage to be made, and therefore he bought the property in defendant's name, that the defendant never paid anything for the property, and never went into possession. On October 29, 1904, Tomes and wife conveyed the property to Helen Stein, and Atterbury testified that he at that time delivered the two unrecorded deeds of the property to her. At the close of plaintiff's case, the defendant moved to dismiss the complaint, upon the ground that there was no proof that the defendant was the owner of the premises on the date the accident occurred. This motion, the court denied. At the close of all the evidence, defendant renewed his motion to dismiss, and moved for the direction of a verdict for the defendant upon the same ground. This motion was denied. The court submitted the question of ownership to the jury, and they rendered a verdict for the plaintiff. The defendant thereupon moved to set aside the verdict upon all the grounds specified in section 999 of the Code of Civil Procedure, which motion was denied and an exception taken. We think this motion should have been granted. The only evidence that the defendant was the owner of the premises on the day of the accident was the testimony of Ballin that the defendant admitted his ownership to him at the time the summons and complaint were served. This conversation was denied by the defendant. The defendant, upon the other hand, testified that he was not then the owner, and in this he is expressly corroborated by Atterbury, and both are corroborated by the deeds of the defendant to Atterbury, and Atterbury to the defendant, the due execution, acknowledgment, and delivery of which were not controverted. Moreover, there is no evidence that the defendant went into possession of the premises under the deed of July 9, 1903. On the contrary, Atterbury testified he paid the purchase price of the property, collected the rents, paid the employés, and was in possession up to the time the property was transferred to Stein. It is true that the deeds from the defendant to Atterbury and Atterbury to the defendant were not recorded, but this is not essential to transfer of title. The burden of proving ownership was upon the plaintiff. I do not think he sustained this burden. On the contrary, the evidence establishes that the defendant was not the owner of the property at the time the accident occurred.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.